# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2026

Lyle W. Cayce
Clerk

No. 25-11110
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR CHOX-GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-48-1

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Victor Chox-Gonzalez appeals his sentence for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that the sentencing enhancement in § 1326(b)(1) is unconstitutional because it allows a defendant to be sentenced above the statutory maximum of § 1326(a) based on a prior felony conviction that was

___

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11110

not alleged in the indictment or found by a jury beyond a reasonable doubt. As Chox-Gonzalez concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment is AFFIRMED.